Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Valerie L. Meyer, CA Bar #228586
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Telephone: (602) 640-4988
Fax: (602)640-5009
Email: valerie.meyer@eeoc.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>L & W Supply Corporation, a Delaware )<br>Corporation, d/b/a Coyote Building )<br>Materials, )<br>)<br>Defendant. ) | Case No.:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Kevin Hamilton and Ricardo Lopez-Gonzales, who were adversely affected by such practices. As alleged with greater particularity below, the Commission alleges Defendant L&W Supply Corporation ("Defendant" or "L&W") discriminated against Kevin Hamilton on the basis of his race, Black, and against Ricardo Lopez Gonzales on the basis of his association with Mr. Hamilton, when it assigned Mr. Hamilton and Mr. Lopez to perform work that was less desirable and paid less that the work assigned to other employees.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant L&W Supply Corporation has continuously been doing business in the State of Arizona and the City of Phoenix, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Mr. Hamilton filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least November 2003, L&W Supply has engaged in unlawful employment practices at its Phoenix, Arizona facility known as Coyote Building Materials, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  These practices include discriminating against Mr. Hamilton on the basis of his race, Black, and discriminating against Mr. Lopez-Gonzales on the basis of his association with Mr.

Hamilton, by assigning Mr. Hamilton and Mr. Lopez-Gonzales to perform work that was less desirable and paid less than the work assigned to other employees.

8.     Mr. Hamilton and Mr. Lopez-Gonzales worked as a team.

9.     Mr. Hamilton and Mr. Lopez-Gonzales and other teams all received their work assignments from one supervisor.

10.     The supervisor determining work assignments referred to Mr. Hamilton using racial slurs, including "pinche Negro," and made other comments reflecting discriminatory racial animus, including use of the "n-word."

11.     This supervisor assigned Mr. Hamilton and Mr. Lopez-Gonzales to perform work that was less desirable and paid less than the work assigned to other employees.

12.     Mr. Hamilton complained to Defendant concerning the supervisor's treatment of him.

13.     Defendant failed to take appropriate action to correct these unlawful employment practices.

14.     The effect of the practices complained of in paragraphs 7-13 above has been to deprive Kevin Hamilton and Ricardo Lopez-Gonzales of equal employment opportunities and otherwise adversely affect their status as employees, because of Mr. Hamilton's race, Black, and Mr. Lopez Gonzales's association with Mr. Hamilton.  Such adverse effects include the loss of thousands of dollars in pay each year.

15.     The unlawful employment practices complained of in paragraphs 7-14 above were intentional.

16.     The unlawful employment practices complained of in paragraphs 7-14 above were done with malice or with reckless indifference to the federally protected rights of Kevin Hamilton and Ricardo Lopez-Gonzales.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in race discrimination and any other employment practice which discriminates on the basis of race or association with an individual of another race.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race or their association with an individual of another race, for those who oppose unlawful employment discrimination, and which policies, practices and programs eradicate the effects of Defendants' past and present unlawful employment practices.

C.    Order Defendant to make whole Kevin Hamilton and Ricardo Lopez-Gonzales, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to make whole Kevin Hamilton and Ricardo Lopez-Gonzales, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-14 above, in amounts to be determined at trial.

E.    Order Defendant to make whole Kevin Hamilton and Ricardo Lopez-Gonzales, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Kevin Hamilton and Ricardo Lopez-Gonzales punitive damages for the conduct described in paragraphs 7-16 above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

4

DATED this 16th day of July, 2007.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

MARY JO O'NEILL
Regional Attorney

SALLY C. SHANLEY
Supervisory Trial Attorney

s/ Valerie L. Meyer
VALERIE L. MEYER
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012

Attorneys for Plaintiff