UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| L & W Supply Corporation, a Delaware Corporation, d/b/a Coyote Building Materials, | ) ) ) ) ) |
| Defendant. | ) ) |

Case No.: CV07-01364-PHX-JWS

**CONSENT DECREE**

The United States Equal Employment Opportunity Commission (the "Commission") filed this action against L & W Supply Corporation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. §1981a to correct alleged unlawful employment practices on the bases of race and association with an individual of another race, and to provide appropriate relief to Kevin Hamilton and Ricardo Lopez-Gonzalez, who allegedly were adversely affected by such practices.

In its Complaint, the EEOC alleged that Defendant discriminated against Kevin Hamilton on the basis of his race, Black, and against Ricardo Lopez-Gonzalez on the basis of his association with Mr. Hamilton, when it assigned Mr. Hamilton and Mr. Lopez to perform work that was less desirable and paid less than the work assigned to other employees. Defendant has denied discriminating against either Mr. Hamilton or Mr. Lopez-Gonzalez.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. The Parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

1

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties agree that this action should be finally resolved by entry of this Decree.  This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the Lawsuit nor an admission of liability on the part of Defendant L&W Supply Corporation.

It is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims arising out of the issues between the Commission and Defendant L & W Supply Corporation ("L&W") in this lawsuit, including, without limitation, back pay, compensatory and punitive damages, injunctive relief, costs and attorney's fees.

2. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Commission, Kevin Hamilton, Ricardo Lopez-Gonzalez, L&W, and the public.

3. This Decree, and any provision herein regarding L&W, applies to L&W and to its officers, agents, employees, successors, and assigns.

**INJUNCTION**

4. Defendant L&W and its officers, agents, employees, successors, and assigns both at the time that this Decree becomes effective and for the duration of this Decree, are, with respect to its Arizona facilities,  enjoined from: (a) discriminating against any employee on the bases of race and/or interracial association; and/or (b) altering the terms and conditions of any employee's employment or temporary employee's assignment because of race and/or interracial association.

**MONETARY RELIEF**

5. Defendant L&W shall pay the amount of Forty-Nine Thousand and Five Hundred Dollars ($49,500.00).  The payment shall be made directly to Kevin Hamilton and Ricardo Lopez-Gonzalez by check or money order at the addresses provided by the EEOC, in amounts to be provided by the EEOC.  This payment represents settlement of

alleged non-wage compensatory damages. Defendant L&W shall make no deductions from this amount. The compensation is to be paid within fifteen (15) calendar days of the entry of this Consent Decree. By January 31, 2010, Defendant L&W shall issue United States Internal Revenue Service Form 1099 to Mr. Hamilton and to Mr. Lopez-Gonzalez for the payments.

6. Within 5 business days of the date the checks or money orders are placed in the mail pursuant to this Consent Decree, copies of the checks will be furnished to the Regional Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

7. Defendant L&W will not condition the receipt of monetary relief on the agreement of Mr. Hamilton or Mr. Lopez-Gonzalez to: (a) maintain as confidential the terms of this Decree; or (b) waive his statutory right to file prospectively a charge with any federal or state anti-discrimination agency.

**OTHER RELIEF**

8. Defendant L&W will with respect to its Arizona facilities institute and carry out policies and procedures that help assure a work environment free from race discrimination (including discrimination on the basis of interracial association) for its employees, and that allow employees to raise concerns or complaints without retaliation about matters made unlawful by Title VII (whether alleged, perceived or actual).

9. Defendant L&W will post the Notice contained in the attached Attachment A. The Notice will be posted in an appropriate place at its Arizona facilities frequented by employees, for the duration of this decree. The Notice shall be the same type, size, and style as Attachment A.

10. To assist Defendant L&W in maintaining compliance in the area of anti-discrimination and equal employment opportunity, within 30 (thirty) days of the entry of the Decree, Defendant L&W will select, subject to approval of the EEOC, an appropriate and qualified employee to be responsible for the duties described in Paragraph 11. The EEOC shall notify Defendant L&W within fourteen (14) days whether or not it approves

of Defendant L&W's choice.  In the event that the EEOC and Defendant L&W are unable to agree on the selection of an employee, they may each submit the names and curriculum vitae of not more than two proposed employees, and the Court will make the selection.

11. The employee selected pursuant to Paragraph 10 shall be responsible with respect to L&W's Arizona facilities for:  (a) creating and implementing, and/or reviewing and revising as necessary, Defendant L&W's anti-discrimination policies; (b) creating and implementing, and/or reviewing and revising as necessary, Defendant L&W's procedures with respect to responding to and keeping records regarding complaints received; (c) receiving and investigating complaints of discrimination; (d) evaluating and, if appropriate, referring employees to Defendant L&W for discipline or termination for violation of Defendant L&W's anti-discrimination policies;  and (e) preparing reports to the Commission, as required by this Decree.

12. Defendant L&W will, with respect to its Arizona facilities,  provide training on race discrimination, including discrimination on the basis of interracial association, and retaliation, according to the following terms:

>    a. Defendant L&W shall continue its current regiment of training for supervisory, management and other leadership personnel for the period of the Decree, and will provide the same training for its non-supervisory employees.
>
>    b.. The seminar training session shall be at least ninety (90) minutes in length, including fifteen (15) minutes for questions and answers. All of Defendant L&W's employees and temporary employees assigned to work at L&W's Arizona facilities shall attend the seminar session.
>
>    c. Defendant L&W may, at its election, have duplicative sessions to accommodate staffing needs or video-record the training session.  Defendant L&W shall be responsible for any additional costs to provide such duplicative or videotaped sessions.

      d.     Defendant L&W shall keep a written record of all employees who attend the training.

      e.     The seminar-training session shall be held within four months of the entry of the consent decree.

      f.     All personnel, designated in Paragraph 12(b), shall both register for and attend the seminar-training session or view a video recording of the session. The registry of attendance shall be retained by Defendant L&W for the duration of the Decree.

      g.     The training will include the subject of what constitutes race discrimination (including discrimination on the basis of interracial association), as well as retaliation for engaging in protected activity under Title VII. The training will also cover discrimination in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment; the prevention of discrimination; how to provide a work environment free from discrimination, harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to discrimination, harassment or retaliation in the workplace by Defendant L&W or any other entity. The session shall also review and explain Defendant L&W's anti-discrimination policies.

13. During the live training session(s), the presenter will speak to the employees about the discipline that can be taken against supervisors, managers, employees, and temporary employees who commit acts of discrimination, harassment or retaliation or allow discrimination, harassment or retaliation to occur in the workplace; the importance of maintaining an environment free of discrimination; and Defendant L&W's anti-discrimination policies. The Commission, at its discretion, may designate representatives to attend the seminar training sessions.

14. Within sixty (60) days of the entry of this Decree, Defendant L&W will create and implement, if such policies do not already exist, written policies for its

Arizona facilities concerning discrimination and retaliation that conform with the law. Defendant L&W's written policies must include, at a minimum:

    a.    A strong and clear commitment to a workplace free of race discrimination, including discrimination on the basis of interracial association;

    b.    A clear and strong encouragement of persons who believe they have been discriminated against to come forward;

    c.    A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

    d.    A statement of Defendant L&W's intent to handle complaints of race discrimination, including discrimination on the basis of interracial association,, as confidentially as appropriate under the circumstances;

    e.    An assurance of non-retaliation for persons who believe they have been discriminated against and for witnesses of discrimination;

    f.    That discrimination on the basis of race, including discrimination on the basis of interracial association, by anyone, including management officials, supervisors, vendors, suppliers, third parties, customers, and entities providing temporary employees, is prohibited and will not be tolerated;

    g.    The identification of specific alternative individuals, including managers with their telephone numbers, to whom employees and temporary employees who have been subjected to race discrimination, including discrimination on the basis of interracial association, can report the discrimination and who have the authority to investigate allegations of discrimination in a neutral and confidential manner;

    h.    A written statement that an employee or temporary employee may report the harassment to a designated person outside of his or her chain of management should the complainant believe managers in the chain of command have a conflict of interest, are implicated in the allegations, or may not adequately investigate the complaint; and

       i.     Assurances that Defendant L&W will investigate allegations of race discrimination, including discrimination on the basis of interracial association, promptly, fairly, reasonably and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant L&W.

15.    These policies shall be posted in a location frequented by employees and temporary employees at Defendant L&W's Arizona facilities. These policies shall be transmitted to Defendant L&W's Arizona employees by its CEO and distributed to each current Arizona employee within sixty (60) days of the entry of the Decree. These policies shall be distributed to all new employees when hired in Arizona and to all new temporary employees in Arizona at the start of their work assignments. Defendant L&W shall make these written policies available in alternative formats as necessary for Arizona employees with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

16.    Defendant L&W shall promptly and appropriately investigate all complaints of race discrimination presented by Arizona employees, including discrimination on the basis of interracial association. The investigation should include a finding of whether discrimination occurred, a credibility assessment; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant L&W shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators and to eradicate the discrimination.

17.    Defendant L&W shall not retain documents related to any investigation described above in any of the complainant's personnel files. All disciplinary actions taken against L&W's Arizona employees for violation of Defendant L&W's policy will be retained in the violator's personnel or client file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file.

### REFERENCES

18. Within fourteen (14) days of the entry of the Decree, Defendant L&W shall provide directly to Mr. Hamilton and Mr. Lopez-Gonzalez each with the written reference attached hereto as Attachment B and shall provide a copy of Attachment B whenever an employment reference is requested by the prospective employer of Mr. Hamilton or Mr. Lopez Gonzalez.

### REPORTING BY DEFENDANT L&W AND ACCESS BY EEOC

19. Defendant L&W, or its representative, shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, on January 4, 2010, on June 28, 2010, and on December 27, 2010, the following information relating to its Arizona facilities:

   a. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of race discrimination, including discrimination on the basis of interracial association, and retaliation.

   b. The name, address, position, and telephone number of any individual who has brought allegations of discrimination and/or retaliation against Defendant L&W's personnel or clients, formal or informal, including, but not limited to, management officials, vendors, agents, employees, customers, and/or clients, during the six months preceding the report. The nature of the complaint, investigatory efforts made by Defendant L&W and the corrective action taken, if any, shall be specified.

   c. The registry of persons attending the sessions required in Paragraphs 12 through 13 of this Decree and a list of current personnel employed by or temporarily contracted by Defendant L&W on the days of the seminar-training sessions.

   d. Confirmation that: (i) the Notice required in Paragraph 9 of this Decree was posted and the location(s) where it was posted; (ii) the policies required in Paragraph 14 were distributed to each current and new employee or

temporary employee and posted; and (iii) Defendant L&W has otherwise taken the action required by this Consent Decree.

20. The Commission, upon reasonable notice, to the Regional Human Resource Manager for L&W, shall have the right to enter and inspect Defendant L&W's Arizona premises to ensure compliance with this Decree.

## CERTIFICATION OF COMPLIANCE

21. The duration of this Decree shall be the period from the date of its entry until December 31, 2010.

22. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of entry of this Decree.

23. This Court shall retain jurisdiction of this action until December 31, 2010. This Decree shall expire by its own terms on December 31, 2010, without further action by the parties or the Court.

24. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. If the Commission determines that the Defendant L&W has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to the Defendant L&W and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. If the Commission petitions the Court and the Court finds the Defendant L&W to be in violation of the terms of the Decree, the Court may extend this Consent Decree or order other appropriate relief as may be necessary to remedy Defendant L&W's non-compliance.

25. The parties agree to the entry of this decree subject to final approval by the Court.

RESPECTFULLY SUBMITTED this ___ day of August, 2009.

Mary Jo O'Neill
Regional Attorney

```
                                    Sally C. Shanley
                                    Supervisory Trial Attorney


                                    _____
                                    Valerie L. Meyer
                                    Trial Attorney

                                    Equal Employment Opportunity
                                    Commission
                                    3300 N. Central Ave., Suite 690
                                    Phoenix, AZ  85012

                                    Attorneys for Plaintiff


                                    _____
                                    Keith Braskich
                                    David G. Lubben
                                    Davis & Campbell LLC
                                    401 Main Street, Suite 1600
                                    Peoria, IL  61602-1241
                                    Attorneys for Defendant L&W


                                    _____
                                    Chief Executive Officer or President
                                    L&W Supply Corporation


DATED:  September 2, 2009           /s / Hon. John W. Sedwick
                                    United States District Judge
```